# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS ROBERTS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1305** (BOR Appeal No. 2049545)
                    (Claim No. 2012032562)

**COBALT COAL CORP MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Roberts, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cobalt Coal Corp Mining, Inc., by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 25, 2014, in which the Board affirmed a June 10, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 16, 2013, decision to grant Mr. Roberts a 4% permanent partial disability award. The Office of Judges instead granted Mr. Roberts total of a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Roberts, an employee of Cobalt Coal Corp Mining, Inc., injured his foot in the course of and as a result of his employment. On June 15, 2012, Mr. Robert's claim was held compensable for a foot fracture and osteomyelitis of the left foot. By report dated March 8, 2013, Dr. Syed Zahir, M.D., performed an independent medical evaluation. Dr. Zahir's impression was sprain of the left foot with Charcot joint arthropathy of the left foot. Dr. Zahir stated that he

1

believed Mr. Roberts was still somewhat symptomatic and required only supportive treatment. Dr. Zahir stated that he believed that the injury had been a moderate contributor to his present condition. Dr. Zahir recommended that Mr. Roberts be treated with an orthopedic surgeon of his choice. Dr. Zahir reported that Mr. Roberts would definitely require an orthosis to his left foot. He opined with the addition of an orthosis that Mr. Roberts would be able to ambulate reasonably well. Dr. Zahir stated that he believed that the Charcot condition was related to diabetes mellitus, which perhaps was aggravated by the trauma that Mr. Roberts sustained to the left foot. Dr. Zahir stated that Mr. Roberts would require continued follow-up care and treatment. Dr. Zahir believed that Mr. Robert's condition appeared to be stable at the time. Dr. Zahir opined that Mr. Roberts was at his maximum degree of medical improvement. Dr. Zahir used Table 62 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) to find 4% whole person impairment. Dr. Zahir found that the condition appeared to be non-progressive at the time. Based upon Dr. Zahir's report, the claims administrator granted Mr. Roberts a 4% permanent partial disability award on April 16, 2013. Mr. Roberts protested.

By report dated August 15, 2013, Dr. Bruce Guberman, M.D., performed an independent medical evaluation. Dr. Guberman stated that Mr. Roberts had reached his maximum degree of medical improvement. Dr. Guberman asserted that Mr. Roberts required maintenance treatment such as physician visits and medication for chronic pain as well as for management of the ankle brace and his inserts. Dr. Guberman used Table 42, 43, and 45 of the American Medical Association's *Guides* to find 9% whole person impairment. Dr. Guberman found that Dr. Zahir recommended a 4% whole person impairment from Table 62 of the American Medical Association's *Guides*, based on involvement of tarsometatarsal joint of the first, second and third metatarsals even though Table 62 of the American Medical Association's *Guides* does not specifically mention tarsometatarsal joints. Dr. Guberman stated that Dr. Zahir did not actually record specific measurements of range of motion of the left ankle and left hindfoot. Dr. Guberman stated that in the second to last paragraph on page three of his report Dr. Zahir indicated "findings are limited at the left foot, which reveals very minimal swelling of the left foot, pulses and sensations are normal. He has slight pain with inversion and eversion of the left foot, which appears to be somewhat restricted." Dr. Guberman stated that inversion and eversion of the left hindfoot are not specifically mentioned and hyperflexion and dorsiflexion of the left ankle are not recorded. Dr. Guberman stated that, therefore, there is not adequate accurate documentation of the ankle and hindfoot examination to apply Tables 42, 43, 44, or 45 of the American Medical Association's *Guides*. Dr. Guberman opined that using the range of motion abnormalities from Tables 42, 43, and 45 of the American Medical Association's *Guides* was the most accurate and complete method for providing an impairment rating for the injury.

By report dated January 2, 2014, Dr. Paul Bachwitt, M.D., performed an independent medical evaluation. Dr. Bachwitt stated that Mr. Roberts had reached his maximum degree of medical improvement unless he underwent a fusion of the navicular and the cuneiforms bones of the foot. Dr. Bachwitt believed that Mr. Roberts did not appear interested in surgery at the time, and it carried a significant risk of infection. Dr. Bachwitt used Tables 42 and 43 of the American Medical Association's *Guides* to find 5% whole person impairment. Dr. Bachwitt stated that Mr. Roberts previously received a 4% permanent partial disability award, so he recommended additional 1% whole person impairment. Dr. Bachwitt stated that he and Dr. Guberman agree on

2

left foot dorsiflexion, inversion and eversion with a rating of 5% whole person impairment. Dr. Bachwitt disagreed with Dr. Guberman's rating the great toe at 2% and the smaller toes at 2% whole person impairment. Dr. Bachwitt stated that those are not part of the injured area, and he would see no reason to rate the toes.

The Office of Judges reversed the claims administrator's decision and granted Mr. Roberts a 5% permanent partial disability award. The Office of Judges advised that there were three impairment ratings of record. Dr. Zahir found 4% whole person impairment, Dr. Guberman found 9% whole person impairment, and Dr. Bachwitt found 5% whole person impairment. The Office of Judges found Dr. Bachwitt's report to be the most persuasive report of record. The Office of Judges noted that Dr. Bachwitt and Dr. Guberman agreed that the left foot dorsiflexion, inversion, and eversion resulted in a 5% whole person impairment rating. Dr. Bachwitt also pointed out that Dr. Guberman rated the great toe at 2% and the smaller toes at 2% whole person impairment. Dr. Bachwitt stated that those are not part of the injured area, and he would see no reason to rate the toes. The Office of Judges agreed with Dr. Bachwitt's impairment rating. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Office of Judges and Board of Review. Both Dr. Bachwitt and Dr. Guberman agree that 5% whole person impairment for the left ankle is appropriate. The only remaining issue is the amount of disability related to Mr. Roberts's toes. Dr. Bachwitt found no impairment and Dr. Guberman found 4% whole person impairment. Because the toes were not part of the original compensable diagnosis, Dr. Bachwitt's report was more consistent with the record. As a result, it was not in error for the Office of Judges and Board of Review to rely on his report.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II